## INTERNAL IMPROVEMENT FUND.

IN RE SENATE RESOLUTION RELATING TO INTERNAL IM-
PROVEMENT FUND PROVIDED FOR BY ACT OF CON-
GRESS OF SEPTEMBER 4, 1841.

PUBLIC LANDS DONATED TO STATES — APPLICATION OF INTERNAL IM-
PROVEMENT FUND.— The act of congress of September 4, 1841, lim-
ited the use of the internal improvement fund, arising from the
sales of lands donated to the states, to certain designated objects.
This provision was repealed in the revision of the United States
statutes in 1878, and the following provision substituted: "There is
granted for the purposes of internal improvements to each new
state hereafter admitted into the Union, upon such admission, so
much public land as, including the quantity granted to such state
before its admission and while under a territorial government, will
make five hundred thousand acres." R. S. U. S. 1878, § 2378.  The
repeal of the former provision shows an intent to leave the desig-
nation of the objects of internal improvement to which this fund
may be applied to the direction of the proper state authorities.
The construction by the state of reservoirs and canals for storing
and delivering water for purposes of irrigation and domestic use,
and changing the channels of natural streams when necessary to
the practical success of such improvements, and when the same
can be done without invasion of the constitutional rights of prior
appropriators, are within the authority conferred by said section,
*provided* the control of such improvements be retained by the state.

THE resolution submitted is as follows: "Resolved,
that the opinion of the supreme court be respectfully re-
quested upon the question of whether or not the internal
improvement fund arising from the sale of land donated
to the state under the act of congress of September 4,
1841, can be used for building reservoirs for the storage
of water for the purpose of irrigation and domestic uses,
or for the purpose of changing the channels of streams
so as to better control the water flowing therein for irri-
gation and domestic uses."

PER CURIAM.  We are not advised that the question
propounded is based upon contemplated legislation actu-

ally pending before the general assembly (*In re* Senate Resolution on Irrigation, 9 Colo. 620); but we shall assume that, were such not the fact, the resolution would not be presented.

The act of congress referred to, at the date of its original adoption, contained, *inter alia*, the following limitation controlling the use of the fund under consideration: "And the net proceeds of the sales of said lands shall be faithfully applied to objects of internal improvement within the states aforesaid, viz., roads, railroads, bridges, canals, and improvement of water-courses and draining of swamps." The foregoing provision was retained in the subsequent compilation of federal statutes. 5 U. S. St. at Large, p. 455, § 9. But in the revision of 1878 this section was omitted, being by the terms of chapter 7 thereof clearly repealed; and the only congressional legislation which we need at present consider is the following: "There is granted, for purposes of internal improvement, to each new state hereafter admitted into the Union, upon such admission, so much public land as, including the quantity that was granted to such state before its admission and while under a territorial government, will make five hundred thousand acres." Sec. 2378, Rev. St. U. S. 1878.

The action of congress in repealing the provision first above named shows unequivocally an intent to leave the designation of the specific kinds or "purposes" of "internal improvement" for which the fund shall be expended wholly to the discretion of the proper state authorities.

A system of reservoirs and canals, authorized by statute for the purpose of storing and delivering water to all within reach thereof, for application to the beneficial uses specified by our constitution, would, in our judgment, be fairly embraced within the statutory phrase "internal improvement." In Colorado water is so scarce, and its careful husbanding for artificial irrigation and

other uses so important, that legislative action, wisely directed and properly guarded, may become the foundation of a domestic or internal improvement second to no other in its public importance.

Changing the channels of natural streams does not seem to be contemplated by the constitution, save as such changes may take place in and as part of a constitutional diversion and appropriation of water.   But such diversion and appropriation would, of course, be essential features in the practical success of any canal and reservoir system that may be devised.

It should be added that in this as in other cases there must be no invasion of the constitutional rights of prior appropriators.   With the foregoing explanation, and qualified by the suggestions made, as well as by the proviso, that the control of the reservoir and canal system be retained by the state, we answer the question propounded in the affirmative.